**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY J. FRANCE,
<u>Plaintiff-Appellant,</u>

v.

BALTIMORE COUNTY, MARYLAND;
DAVID C. DEGRANGE, Individually
and as Supervisor of Baltimore
County Animal Control Division,
<u>Defendants-Appellees,</u>                    <u>No. 99-1107</u>

and

C.A. (DUTCH) RUPPERSBURGER, III,
County Executive, BALTIMORE
COUNTY; MICHELLE A. LEVERETT,
M.D., Health Officer, Baltimore
County Health Department,
<u>Defendants.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-2436-S)

Submitted: April 4, 2000

Decided: May 3, 2000

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Norris C. Ramsey, NORRIS C. RAMSEY, P.A., Baltimore, Maryland, for Appellant. Virginia Wood Barnhart, County Attorney, Paul McLane Mayhew, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry France filed an employment discrimination suit in the United States District Court for the District of Maryland against David C. DeGrange, his supervisor, and Baltimore County (collectively, Appellees). France's complaint asserted claims for violation of the Americans with Disabilities Act (ADA), violation of the Age Discrimination in Employment Act (ADEA), and violation of France's constitutional rights. The district court granted Appellees' motion to dismiss. France noted a timely appeal. Finding no error, we affirm.

I.

Because this case is on appeal from a Rule 12(b)(6) dismissal, we take the following facts as alleged in France's amended complaint to be true. See Vickers v. Nash General Hosp., Inc. , 78 F.3d 139, 141 (4th Cir. 1996). France was employed by the Baltimore County, Maryland government from 1968 to 1970 and then from July 1981 to July 1996, reaching the position of Processing Supervisor of the Animal Control Division. In late 1993, France was injured in a traffic accident while carrying out his duties within the Animal Control Division. Once France returned to work in April 1994, his supervisor, David DeGrange, refused to return France's duties to him and made negative comments regarding France's injuries. DeGrange's abusive

2

treatment toward France continued throughout 1994 and culminated in a meeting in March 1995 to discuss the issues involved with France's employment.**1** Although France was advised that his duties would be returned if he ceased his physical therapy and psychotherapy sessions during work hours, and France subsequently ceased such sessions, France's duties were not returned.

In April 1995, DeGrange refused for the second year in a row to perform France's mandatory performance evaluation. Two months later, the Animal Control Division was moved from the Department of Permits and Licensing to the Health Department of Baltimore County. During the transition, France was not included in any of the meetings, despite his supervisory position. In or about August 1995, France met with the new division head at the Health Department, Joan M. Colfer, to discuss the situation within the Animal Control Division. During this meeting, France informed Colfer of the abusive treatment he had received from his supervisor, the refusal of his supervisor to return France's duties, and other inappropriate conduct, including possible illegal actions observed in the Animal Control Division. Colfer subsequently sent DeGrange a memorandum confirming two meetings where the two had discussed France's situation. Colfer also ordered DeGrange to permit France to use sick time for medical appointments and doctors' visits, to return France's duties, and to complete France's evaluation for January 1996.

DeGrange did not follow Colfer's orders. Instead, his hostility toward France increased after meeting with Colfer and receiving her subsequent memorandum. In November 1995, the division created a new position and hired a person to fill that position. The new hire, who was thirty-one years old, was given many of the supervisory duties France possessed before his accident. On June 12, 1996, while France was on medical leave related to his deteriorating condition, he was informed that due to budgetary cuts, his position would be eliminated as of July 1, 1996. Faced with the possibility of losing his medical and other benefits, France filed for medical retirement on June 28, 1996.

_____

**1** The complaint and the parties' briefs are unclear as to who, besides DeGrange, attended this meeting.

On or about June 27, 1996, France filed a grievance alleging discrimination based upon age, disability, and retaliation with the Baltimore County Labor Commission. At around that same time, France contacted the Baltimore office of the United States Equal Employment Opportunity Commission (the EEOC), which told him to call back after the Labor Commission had an opportunity to hear his case. In November 1997, France filed a complaint with the EEOC, alleging discrimination based upon age, disability, and retaliation.[2] After receiving a "dismissal and notice of rights" form from the EEOC, France filed the instant suit, asserting claims for violation of the ADA, violation of the ADEA, and violation of his constitutional rights.

In dismissing France's complaint, the district court concluded that France's ADA and ADEA claims were barred as untimely because there was no actionable violation in the period for timely administrative filing and because the organization with which France filed a grievance, the Baltimore County Labor Commission, was not a state deferral agency for purposes of extending the limitations period for filing an administrative complaint with the EEOC. The district court also concluded that even if the ADA and ADEA claims were timely, France's complaint failed to state claims for hostile workplace environment and that, in any event, such claims were outside the scope of the administrative complaint. Finally, the district court concluded that DeGrange was entitled to qualified immunity on France's First Amendment claim.

France filed a timely notice of appeal of the district court's dismissal of his complaint. Before us, France argues that the district court erred in dismissing his ADA and ADEA claims as untimely, because (1) he was entitled to rely upon the advice of an EEOC employee to wait until his claim was processed by the Baltimore County Labor Commission before filing an EEOC charge, (2) the Baltimore County Labor Commission is a state deferral agency, and (3) he has alleged facts showing that Appellees engaged in continuing acts of retaliation, harassment, and discrimination. France also con-

_____

[2] Although France alleges in his complaint that he filed a complaint with the EEOC in November 1997, the EEOC charge itself shows that it was not filed until March 3, 1998. In any event, this discrepancy has no effect on the disposition of this case.

4

tends that his claims for hostile workplace environment are not outside the scope of his administrative complaint and that his complaint clearly sets forth a pattern of egregious conduct sufficient to sustain such claims under the ADA and the ADEA. Finally, France asserts that DeGrange is not entitled to qualified immunity on France's First Amendment claim because the speech that led to DeGrange's retaliatory action against France was on a matter of public concern and that DeGrange deprived France of property rights in his employment without due process of law by failing and refusing to return France's duties to him, by failing to conduct performance evaluations despite being directed to do so by DeGrange's supervisor, and by requiring France to cease using work hours for medical attention and physical treatments.

## II.

This Court reviews a dismissal under Rule 12(b)(6) for failure to state a claim de novo. See Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 n.16 (4th Cir. 1992). Because a 12(b)(6) motion tests the sufficiency of a complaint, this Court's review "is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 952 (internal quotation marks omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." Republican Party, 980 F.2d at 952.

We have reviewed the submitted record and briefs, as well as the pertinent case law on this matter, and are persuaded that the judgment of the district court was correct.3 See France v. Baltimore County, No. S-98-2436 (D. Md. Dec. 17, 1998).

AFFIRMED
_____

**3** Although the district court did not address France's due process claim, we have independently reviewed that claim and determined it to be without merit.

5